# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARK ENGLISH,**

             **Plaintiff,**

**-vs-**                                    **Case No. 6:10-cv-00318-JA-GJK**

**UNUM LIFE INSURANCE COMPANY OF
AMERICA; SCIG, LLC; SEAN WILLIAMS;
ERICA WILLIAMS; CHRISTOPHER
MILENKI; PHILIP PHILLIPS; DENNIS
PAQUETTE; AARON DAHL; JOHN
MONTEFUSCO; KATHY ERNST,**

             **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO REMAND WITH INCORPORATED MEMORANDUM OF LAW** (Doc. No. 18) |
| **FILED:** | March 25, 2010 |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.** |

I. **Background**.

Mark English (the "Plaintiff") was an employee of George A. Pyke M.D., P.A. ("Pyke") from 1986 through 2001. Doc. No. 18 at 1. On or about September 20, 1994, David Jewell, an independent insurance agent, met individually with Pyke employees, including Plaintiff, and offered them the opportunity to purchase a long term disability insurance policy (the "Policy") from UNUM Life Insurance Company of America (the "Defendant"). *Id*. at 1-2. Pyke, as part of the application for the Policy, agreed to remit the monthly premiums for all its employees that purchased a policy from Defendant through use of Defendant's "FlexBill" system. *Id*. at 2. The application for the Policy indicates that the "Employer" will pay the premiums. Doc. No. 37-1 at 18. In exchange for Pyke's use of the "FlexBill" system, Defendant provided the Pyke employees, including Plaintiff, a 10% discount on their premiums because the use of the "FlexBill" system is a convenience to the Defendant. Doc. No. 18 at 2. On September 20, 1994, Plaintiff executed an application for the Policy. Doc. No. 37-1 at 21.

In 2001, Plaintiff stopped working for Pyke and on June 10, 2001, requested that Defendant send the premium bills directly to Plaintiff. Doc. No. 18 at 2-3; Doc. No. 18-3 ¶ 16. Despite the change in payor status, the Policy remained the same—the Policy number stayed the same, Plaintiff was not required to reapply, and no new policy was issued. Doc. No. 1 ¶ 9. On October 4, 2001, Plaintiff became disabled and, pursuant to the Policy, on January 2, 2002, Plaintiff started receiving disability benefits from Defendant. Doc. No. 18 at 3.[1] Defendant did not deduct any taxes from the benefits paid to Plaintiff. Doc. No. 18-3 ¶ 17.

At some point after October 4, 2001, Defendant hired SGIC, LLC, who employed Erica

---

[1] Plaintiff's Policy contained a 90-day elimination period. Doc. No. 37-1 at 3.

Williams, Sean Williams, and Aaron Dahl, as well as the other named defendants, to conduct surveillance on Plaintiff during Defendant's investigation of Plaintiff's claim for disability benefits. Doc. No. 2 ¶ 39. During this investigation, SCIG, LLC, through its employees listed above, allegedly made false reports regarding Plaintiff's disability, and those reports were allegedly submitted to Defendant. *Id.* at ¶¶ 41-2. On November 2, 2007, Defendant, relying in whole or in part on the alleged false reports, stopped paying Plaintiff benefits under the Policy. Doc. No. 18-3 ¶ 17.

In Plaintiff's sworn affidavit, he states that even though Pyke remitted payment to Defendant for the premiums, Plaintiff reimbursed Pyke for the premium amounts by writing personal checks. Doc. No. 18-3 ¶ 5. Plaintiff also includes a sworn affidavit of Darlene Clark, a medical assistant employed by Pyke from 1994 to 2001, who also helped with bookkeeping, that states it was her understanding that Plaintiff reimbursed Pyke for the premiums remitted on Plaintiff's behalf. Doc. No. 18-1 ¶¶ 2-4.

On November 9, 2009, Plaintiff filed a Complaint (the "Complaint") in the Circuit Court of the 18th Judicial Circuit In and For Seminole County, Florida, against Defendant, SCIG, LLC, and the following individuals: Sean Williams, Erica Williams, Christopher Milenki, Philip Phillips, Dennis Paquette, Aaron Dahl, John Montefusco, and Kathy Ernst. Doc. No. 2 at 1. In the Complaint, the Plaintiff alleges six (6) causes of action: Count I alleges breach of contract as to Defendant for failure to pay disability benefits after November 2, 2007; Count II alleges tortious interference with a business relationship as to SCIG, LLC, Sean Williams, Erica Williams, Christopher Milenki, Philip Phillips, Dennis Paquette, Aaron Dahl, and John Mentefusco for falsified activity reports and the intentional submission of them to Defendant;

Count III alleges defamation as to SCIG, LLC for the falsified activity reports; Count IV alleges negligent supervision as to SCIG, LLC for failure to properly supervise its named employee-defendants; Count V alleges tortious interference with a business relationship as to Kathy Ernst for intentionally making false statements about Plaintiff; and Count VI alleges defamation as to Kathy Ernst for intentionally making false statements about Plaintiff.

On January 25, 2010, Defendant was served with the Complaint. Doc. No. 1 ¶ 2. On February 1, 2010, Sean Williams and Erica Williams were served with the Complaint. Doc. Nos. 7-8. On or about February 24, 2010, Defendant timely filed a Notice of Removal in the United States District Court, Middle District of Florida, Orlando Division. Doc. No. 1 at 1. In the Notice of Removal, Defendant alleges that the only count against Defendant (Count I) is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA") and, therefore, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Doc. No. 1 ¶ 3. On February 24, 2010, at 6:50 p.m., Aaron Dahl was served with the Complaint. Doc. No. 5. The remaining defendants were not yet served at the time the Notice of Removal was filed.

On March 4, 2010, Defendant filed a Motion to Dismiss stating that Plaintiff's state law claims are preempted by ERISA and that Plaintiff's Complaint should be dismissed with leave to amend to assert claims under ERISA. Doc. No. 9 at 13-14.

II. **Plaintiff's Motion to Remand and Defendant's Response.**

On March 25, 2010, Plaintiff filed a Motion to Remand. Doc. No. 18. In the Motion to Remand, Plaintiff raises several arguments as to why removal of this action was improper. First, Plaintiff argues that removal was improper because the other defendants named in the Complaint did not consent to removal. Doc. No. 18 at 5. Second, Plaintiff argues that ERISA does not

preempt his state law claims because the "safe harbor" provision applies. *Id*. at 7-18. Third, Plaintiff argues that if the safe harbor does not apply, ERISA does not preempt his claims because there is no "employee benefit welfare plan.". *Id*. at 18-20. Finally, Plaintiff argues that even if the Policy was subject to ERISA when initially purchased, the Policy was converted to an individual policy when Defendant started sending bills directly to Plaintiff and, therefore, ERISA does not preempt any of the claims at issue in this case. *Id*. at 20-23.

On April 22, 2010, Defendant filed a Memorandum of Law in Opposition to Plaintiff's Motion to Remand (the "Response"). Doc. No. 37. In the Response, Defendant contends that removal was proper for several reasons. *Id*. at 1-4. First, Defendant maintains that not all defendants had been served at the time the Notice of Removal was filed and, therefore, each defendants' consent is not necessary for removal. Doc. No. 37 at 2. Specifically, Defendant argues that only Erica Williams and Sean Williams had been served with the Complaint at the time the Notice of Removal was filed. *Id*. Defendant notes that Aaron Dahl was served on February 24, 2010, at 6:50 p.m., while the Notice of Removal was filed on February 24, 2010, and, therefore, because Aaron Dahl had not been served with the Complaint at the time the Notice of Removal had been served, his consent for removal is not required. *Id*. Second, Defendant contends that even though Erica Williams and Sean Williams had been served at the time of the Notice of Removal, these defendants were either fraudulently joined or are nominal or merely formal defendants and, therefore, their consent is not required. *Id*. at 3-4. Finally, Defendant argues that the claims against the non-consenting defendants are separate and independent claims and, therefore, consent was not required prior to removal. *Id*. at 4.

Defendant also contends that upon finding that removal to this Court was proper, the Court should find that ERISA preempts Count I of the Complaint because the Policy falls within the scope of ERISA and the safe harbor exemption does not apply. *Id*. at 8-17. Defendant finally argues that once a plan is found to be subject to ERISA it remains subject to ERISA, and, therefore, the Policy did not convert from an ERISA plan, to an individual plan, when Plaintiff started receiving the premium bills. *Id*. at 18.

III. **Analysis.**

  A. **Removal Generally.**

Section 1441(a) of Title 28 of the United States Code states, in relevant part, that except as otherwise provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2006). Once removed, "[a] motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (2006). "On a motion to remand, the removing party bears the burden of demonstrating the existence of federal subject matter jurisdiction." *Conn. State Dental Assoc. v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009).

  1. **Original Jurisdiction.**

"Removal is proper when Congress 'preempts an area of law so completely that any complaint raising claims in that area is necessarily federal in character.'" *Stern, M.D. v. Provident Life and Accident Ins. Co.*, 295 F. Supp. 2d 1321, 1324 (M.D. Fla. 2003) (quoting

*Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). Because ERISA was intended to completely preempt claims brought for the recovery of benefits under the employee benefit plan, if the plan is subject to ERISA then removal to the district court is proper. *Id*.

"Complete preemption, also known as super preemption, is a judicially-recognized exception to the well-pleaded complaint rule." *Conn. State Dental Assoc.*, 591 F.3d at 1344. "Complete preemption under ERISA derives from ERISA's civil enforcement provision, § 502(a), which has such 'extraordinary' preemptive power that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Conn. State Dental Assoc.*, 591 F.3d at 1344 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). "Consequently, any 'cause[] of action within the scope of the civil enforcement provisions of § 502(a) [is] removable to federal court.'" *Id*. (quoting *Taylor*, 481 U.S. at 66).

ERISA § 502(a)(1)(B) provides:

> A civil action may be brought--
>
> > (1) by a participant or beneficiary--
> >
> > …
> >
> > > (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a). ERISA § 502(e) provides for the jurisdiction for civil enforcement of a claim arising under ERISA. Section 502(e)(1) provides:

> (1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have *exclusive*

7

> *jurisdiction* of civil actions under this subchapter brought by … [a] beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title. State courts of competent jurisdiction and district courts of the United States shall have *concurrent jurisdiction* of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

29 U.S.C. § 1132(e) (emphasis added). Thus, because Plaintiff is seeking benefits that would arise under the terms of the Policy, Plaintiff's claim against Defendant arises under § 502(a)(1)(B), which is subject to concurrent jurisdiction.

### 2. Unanimity.

"It is well-settled that in cases involving multiple defendants, if all defendants do not consent to the removal of a case to federal court, the removal is improper under 29 U.S.C. § 1447(c)." *Williams v. Equifax Info. Sys. LLC*, 359 F. Supp. 2d 1284, 1286 (M.D. Fla. 2005). This is known as the rule of unanimity. "Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001). Additionally, "all doubts about jurisdiction should be in favor of remand to state court." *Id*.

There are three exceptions to the rule of unanimity: "1) the non-consenting defendants had not been served with process at the time the notice of removal was filed; 2) the un-consenting defendants are nominal or formal defendants; or 3) removal is pursuant to [28 U.S.C.] § 1441(c)."[2] *Bradwell v. Silk Greenhouse, Inc.*, 828 F. Supp. 940, 943 n.2 (M.D. Fla. 1993). In

---

[2] Section 1441(c) provides:
> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be

addition, parties that are fraudulently joined, in an effort to defeat removal, also qualify as an exception to the rule of unanimity. *Diaz v. Kaplan Univ.*, 567 F. Supp. 2d 1394, 1402 (S.D. Fla. 2008).

### a) **Separate and Independent Claims.**

The United States Supreme Court has stated that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951). "[T]he issue is not whether there is more than one cause of action. Rather, the issue is whether these causes of action are truly separate from one another, and not simply different methods of addressing the underlying harm." *Chaghervand v. Carefirst*, 909 F. Supp. 304, 309 (D. Md. 1995) (citing *Rey v. Classic Cars*, 762 F. Supp. 421, 424 (D. Mass. 1991)).

In the present case, Plaintiff is seeking relief from Defendant for the denial of disability benefits. Doc. No. 2. Plaintiff has alleged that SCIG, LLC, through its agents or employees, which include Erica Williams, Sean Williams, and Aaron Dahl, falsified reports and submitted these false reports to Defendant. Doc. No. 2 ¶¶ 41-42. Plaintiff has further alleged that these false reports caused, in whole or in part, Defendant to wrongfully terminate disability benefits to Plaintiff. *Id*. at ¶ 44. All causes of action stated by Plaintiff, that involve the defendants served at the time of the Notice of Removal, stem from actions surrounding this denial of benefits and thereby have created an interlocked series of transactions. Because the causes of action stated by

---

        removed and the district court may determine all issues therein, or, in its
        discretion, may remand all matters in which State law predominates.
28 U.S.C. § 1441(c).

Plaintiff in some way involve the denial of benefits under the Policy, the undersigned recommends that the Court find that the breach of contract claim against Defendant is not separate and independent from the other stated causes of action.

### b) **Fraudulent Joinder.**

"The law is clear that under 28 U.S.C. § 1446(a), removal procedure requires that all defendants join in the removal petition." *Tri-Cities Newspapers, Inc. v. Tri-Cities printing Pressmen and Assistants' Local 349, Int'l Printing Pressmen and Assistants' Union of N. Am.*, 427 F.2d 325, 326-27 (5th Cir. 1970).[3] "However, the consent of fraudulently joined … parties is not required; their lack of consent does not defeat removal." *Diaz*, 567 F. Supp. 2d at 1402. "Determinations of joinder must be based on plaintiff's pleadings, supplemented by any affidavits and deposition transcripts submitted by the parties, *at the time of removal*." *Id*. (emphasis in original). In order to demonstrate fraudulent joinder, in the context of federal question jurisdiction, the removing party must show one of the following: "1) there is no possibility the plaintiff can establish a cause of action against the non-consenting defendant; or 2) plaintiff colluded with the non-consenting defendant to defeat removal." *Id*. at 1402-403.

Defendant has not asserted that Plaintiff colluded with defendants Erica Williams or Sean Williams, in an effort to defeat removal, and so the Court need not evaluate the second option. As to the first option, "removing defendants must prove by 'clear and convincing evidence' that there is *no possibility* that plaintiff can establish a cause of action against the non-consenting defendant[s]." *Id*. at 1402 (citing *Henderson v. Wash. Nat. Ins. Co.*, 454 F.3d 1278, 1283 (11th Cir. 2006)) (emphasis in original). Defendant has not shown by "clear and convincing evidence"

---

[3] All decisions of the Fifth Circuit prior to October 1, 1981 are binding precedent on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

that there is *no possibility* that Plaintiff will be able to state a cause of action against the non-consenting defendants. The Court is not to delve into the merits of the cause of action against the non-consenting defendants, but rather must make this determination based on Plaintiff's pleadings, supplemented by affidavits and deposition transcripts, at the time of removal. *See Id*. at 1403 n.29 (citing *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) ("In determining whether a plaintiff can establish a cause of action, the court need not reach the merits of the plaintiff's claim; the court need only determine whether the plaintiff has an 'arguable' claim under state law.")). Based on the Complaint, and supplemental affidavits, the undersigned recommends that the Court find that there is a *possibility* that Plaintiff has stated a cause of action against the non-consenting defendants and, therefore, find that they were not fraudulently joined by Plaintiff.

### c) **Nominal or Formal Parties.**

"[N]ominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal." *Tri-Cities*., 427 F.2d at 327. "The ultimate test of whether the defendants are indispensable parties is whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." *Id*. "The bottom line concern in determining a nominal party is whether the plaintiff can establish a cause of action against the nonremoving defendant in state court." *Farias v. Bexar County Bd. Of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 872 (5th Cir. 1991). "The question of whether or not a named defendant is a nominal party depends on the facts in each case." *Tri-Cities*, 472 F.2d at 327.

Here, Plaintiff has alleged a cause of action against the non-consenting defendants for tortious interference with a business relationship. Doc. No. 2 ¶¶ 30-45. Without delving into the merits of the claim, under this cause of action the non-consenting defendants could be held personally liable for their actions, and therefore the undersigned recommends that it would be "unfair or inequitable" to Plaintiff if this Court were to enter a final judgment in the absence of the those defendants. Further, as already established above, the undersigned recommends finding that there is a *possibility* that Plaintiff can establish a cause of action against these defendants. It is for these reasons that the undersigned recommends that the Court find that the non-consenting defendants are not merely nominal or formal defendants.

## IV. <u>Conclusion</u>.

Having determined that none of the exceptions to the rule of unanimity apply, the undersigned recommends that the Court find that removal by Defendant was procedurally improper because Defendant did not obtain consent of all defendants that had been served with the Complaint at the time of the filing of the Notice of Removal, namely Erica Williams and Sean Williams.[4]

Accordingly, it is **RECOMMENDED** that the Court:

1) **GRANT** Plaintiff's Motion to Remand (Doc. No. 18) and remand the matter to state court;

2) Deny as moot all pending Motions; and

---

[4] By recommending that the Court find that removal was procedurally improper, the undersigned finds it unnecessary to determine whether ERISA preempts Plaintiff's claim against Defendant. Even if this Court were to find that ERISA does preempt Count I, remand to the state court is still warranted because, as set forth in ERISA § 502(e), a claim brought under ERISA's civil enforcement statute, § 502(a)(1)(B), is subject to concurrent, not exclusive, jurisdiction.

3) Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** in Orlando, Florida on June 21, 2010.

Copies furnished to:
Presiding District Judge
Counsel of Record

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE